E-FILED
Tuesday, 18 January, 2005  10:36:33 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04- 40092 |
| | ) |
| JOSEPH E. DEMARLIE, | ) |
| | ) |
| Defendant. | ) |

FILED
JAN 1 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c), of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and John K. Mehochko, Assistant United States Attorney, and the defendant, Joseph E. DeMarlie, personally and by the defendant's attorney, Daniel Churchill, hereby enter into this plea agreement.

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, agreements between the parties, including plea agreements. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea

agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Therefore, if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4. Count 2 of the Information charges the defendant with making False Statements, in violation of Title 18, United States Code, Sections 1001. The defendant will plead guilty to Count 2 of the Information.

5. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty. To sustain the charge contained in the Information, the United States must prove the following propositions beyond a reasonable doubt:

### FALSE STATEMENTS
### 18 U.S.C. § 1001

First, the defendant made a false writing;

Second, the defendant knew the writing contained a false statement;

Third, the statement was material;

Fourth, the defendant made the writing knowingly and willfully; and

> Fifth, the writing was used in a matter within the jurisdiction of the executive branch of the government of the United States.

6. The defendant understands and agrees that the offense to which he shall plead guilty carries the following potential penalties:

## POTENTIAL PENALTIES

- up to five (5) years in prison;
- a maximum fine of $250,000;
- up to three (3) years of supervised release; and
- a $100 mandatory special assessment.

7. The defendant understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

9. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having

thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

10. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this

plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## DEFENDANT'S OBLIGATIONS

### Special Assessment

11. The defendant understands and agrees to pay the mandatory $100 Special Assessment for the single charge to which the defendant is entering a plea of guilty, as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

12. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offense charged in this Information, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## AGREEMENTS AS TO SENTENCING GUIDELINES

13. The defendant agrees and understands that the Court is required to consider all applicable provisions of the Sentencing Guidelines in determining the defendant's sentence and

that the Court may, in some circumstances, depart upward or downward from the Sentencing Guideline range.

14. Based on the information currently available, the defendant and the United States agree on the following point regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

A. The parties agree that they will jointly recommend a sentence of probation in this case.

B. The parties agree, based upon facts currently known by the United States, that the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include, but is not limited to, cooperating fully with the United States Probation Office in the preparation of a presentence report. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

15. The defendant and the United States agree that other agreements regarding Sentencing Guidelines determinations are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline factors based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable guideline factors.

16. The defendant agrees that at the time of sentencing the Court will not be bound by any recommendation made by any party. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings.

### FACTUAL BASIS

17. The defendant will plead guilty because the defendant is in fact guilty of Count 2 charged in the Information. In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

   a. That from in or about October, 2001, and continuing until in or about May, 2003, Jerry Lee Rupe was employed as a commercial truck driver by DeMarlie Trucking Company, of Reynolds, Illinois. Defendant Joseph E. DeMarlie is President of DeMarlie Trucking Company.

   b. That on or about July 11, 2003, the defendant completed and signed a Wage Verification Form (Form SSA-L725), and submitted it to the Social Security Administration. On the Wage Verification Form, defendant falsely stated that Diana Lynn Rupe was employed by DeMarlie Trucking Company during the years 2000 through 2003, and had earned specific wage amounts during those years.

   c. At the time the defendant completed the Social Security Administration Wage Verification Form, he then and there well knew that in fact Diana Lynn Rupe was not and never had been, so employed.

   d. The defendant also knew when he completed the Wage Verification Form on or about July 11, 2003, that the wage amounts reported by defendant as earned by Diana Lynn Rupe had actually been earned by Jerry Lee Rupe.

e. The defendant also agrees that his false statement in the Wage Verification Form was material, and that he knew that his conduct was against the law.

## EFFECT OF VIOLATION OF AGREEMENT

18. The defendant further agrees that if the defendant violates the terms of this plea agreement, the United States has the option to declare the plea agreement null and void. In the event that the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event that the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

19. It will be for the Court to determine whether or not the defendant has violated the terms of the plea agreement. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

20. The defendant understands that by pleading guilty the defendant surrenders the following rights among others:

      a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

      b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

      c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

      d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

21. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

22. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 11/14/05

S/Daniel Churchill
Daniel Churchill
Attorney for Joseph E. DeMarlie

**Defendant:**

23. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement

about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 1-14-05

S/Joseph DeMarlie
Joseph E. DeMarlie
Defendant

**United States:**

24. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 1/14/05

JAN PAUL MILLER
UNITED STATES ATTORNEY

S/John Mehochko
John K. Mehochko
Assistant United States Attorney